**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH PETRUSKA,<br><br>  Plaintiff,<br><br>v.<br><br>RECKITT BENCKISER, LLC,<br><br>  Defendant. | Civil Action No.: 14-03663(CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

I.  **INTRODUCTION**

This matter comes before the Court upon the motion (ECF No. 16) of Defendant Reckitt Benckiser, LLC ("Defendant" or "RB") to dismiss Counts III and IV of Plaintiff Joseph Petruska's Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court decides this motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, Defendant's partial motion to dismiss Counts III and IV of the Second Amended Complaint is granted.

II.  **BACKGROUND**[2]

This action arises out of Plaintiff's termination from RB as a senior project engineer, after RB eliminated his position following a geographic reorganization of its parent company. Plaintiff was 56 years old at the time and the second oldest employee in his department of twenty-six

---

[1] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

[2] The Court must assume as true all factual allegations of the complaint when considering a motion to dismiss. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

employees.[3]  See Second Amended Complaint, ECF No. 14, at ¶¶ 35, 169.  In Plaintiff's Department, six of the twenty-six employees were younger than age 40.  See id. at ¶ 211.  After the reorganization, RB retained all six of these employees under age 40.  See id.  Out of the remaining twenty employees who were 40 or older, RB released five and retained fifteen.  See id. at ¶¶ 214-15.  Accordingly, all of the employees whom RB released were age 40 or older.  Id.

Plaintiff brought suit on June 6, 2014 and filed an Amended Complaint on June 26, 2014, alleging: age bias violating the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq. (Count I); age bias violating the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A 10:5-1 et. seq. (Count II); pretext for discrimination violating the ADEA (Count III); pretext for discrimination violating the NJLAD (Count IV); disparate impact discrimination violating the ADEA (Count V), and; disparate impact discrimination violating the NJLAD (Count VI).  See First Amended Complaint, ECF No. 3.  Defendant moved to dismiss Plaintiff's First Amended Complaint in its entirety.  See First Motion to Dismiss, ECF No. 5.  By Order entered March 26, 2015, this Court denied dismissal of Counts III and IV, but granted dismissal without prejudice of the remaining counts.  See Order on First Motion to Dismiss, ECF No. 12.

Plaintiff filed a Second Amended Complaint on April 22, 2015.  See Second Amended Complaint, ECF No. 14.  In the Second Amended Complaint, Plaintiff's surviving claims of pretext for discrimination violating the ADEA and NJLAD (previously, Counts III and IV respectively) were re-alleged as Counts I and II.  Id.  Plaintiff also attempted to reframe his dismissed disparate impact discrimination claims in contravention of the ADEA and NJLAD as Counts III and IV of the Second Amended Complaint.  See id.  Defendant now moves to dismiss

---

[3]     For a more complete discussion of the underlying facts and allegations, see this Court's Opinion dated March 26, 2015 on Defendant's Motion to Dismiss the Amended Complaint, ECF No. 11, at pages 1-4.

Counts III and IV of Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Second Motion to Dismiss, ECF No. 16.

### III. APPROPRIATE LEGAL STANDARD

At the outset, the parties disagree as to whether the Court should treat this motion as one under Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure. Along with its opening papers, Defendant submitted a declaration of its attorney and an exhibit to that declaration, which consisted of a printout of the results of a Fisher's test, a statistical significance test,[4] using the values from Plaintiff's Second Amended Complaint as inputs. In opposition, along with his opposing brief, Plaintiff submitted the declaration and report of his expert economist. In deciding this motion, the Court has only relied on the allegations within the four corners of the Second Amended Complaint and Plaintiff's exhibits to the Second Amended Complaint which contained statistical figures regarding the protected class. Because the Court did not consider matters outside of the pleadings, including the exhibits submitted by the parties in connection with the motion to dismiss, this motion has been decided pursuant to Federal Rule of Civil Procedure 12(b)(6).

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level."

---

[4] See Defendant's Br., ECF No. 16-1, at 12-13.

Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a Complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678.

## IV. DISCUSSION

The Court finds that Plaintiff has not cured the deficiencies that previously resulted in the dismissal of his disparate impact claims—now Counts III and IV of the Second Amended Complaint. In its earlier opinion, this Court held that:

> Plaintiff does not adequately plead that Defendant's consideration of the criticality of the positions to the company's operations in identifying which jobs were subject to elimination had an adverse impact on the protected class, namely those employees age 40 and over.[5]

There, the Court also explained that a disparate impact analysis cannot distinguish between subgroups within a protected class but instead must compare employees age 40 and older with those age 39 and younger. When Plaintiff's repleaded allegations are viewed within this framework, it appears that Plaintiff has failed to state claims of disparate impact discrimination in contravention of the ADEA and NJLAD.

In support of its partial motion to dismiss Counts III and IV of Plaintiff's Second Amended Complaint, Defendant argues that a department of twenty-six employees is generally insufficient "to produce statistically significant evidence" where "[t]he Supreme Court has consistently stressed that statistical disparities must be substantial enough to raise an inference that the disputed practice has caused the disparity. See Watson v. Fort Worth Bank and Trust, 487 U.S. 977, 995 (1988)." Defendant's Br. at 9-10. Accordingly, Defendant argues that for Plaintiff to state a disparate impact claim, there must be a large differential between those in the protected class (those over age 40) and those outside of it, from within these twenty-six individuals. Id. at 11.

---

[5]   See Opinion dated March 26, 2015, ECF No. 11.

4

Plaintiff responds that his expert economist's declaration creates "a genuine question of material fact" with regard to the statistical significance of the terminations within Plaintiff's Department and that his expert has concluded "that the typical worker 40 or older was around 480 times more likely to be terminated than the typical worker less than 40." See Plaintiff's Br. at 11-12. The arguments that Plaintiff raises, however, are separate from the question of whether he has adequately pleaded a disparate impact claim, where Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

To plead a disparate impact claim under the ADEA, "it is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities." Smith v. City of Jackson, Miss., 544 U.S. 228, 241 (2005) (internal citation and quotation marks removed) (emphasis in original). Moreover, the plaintiff must show that this "facially neutral employment practice had a significantly discriminatory impact." Connecticut v. Teal, 457 U.S. 440, 446 (1982) (emphasis added). Statistical evidence of this impact "must be limited in scope in accordance with Fed.R.Civ.P. 26(b)(1) and tied to the allegations of plaintiff's complaint." Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 66 (D.N.J. 1996). While there is "no 'rigid mathematical formula' courts can mandate or apply to determine whether plaintiffs have established a prima facie case . . . a plaintiff will typically have to demonstrate that the disparity in impact is sufficiently large that it is highly unlikely to have occurred at random, and to do so by using one of several tests of statistical significance." Stagi v. Nat'l R.R. Passenger Corp., 391 F. App'x 133, 137 (3d Cir. 2010) (internal citations omitted).

Here, as provided in Exhibit C to Plaintiff's Second Amended Complaint, the six

employees that Defendant released were all over age 40. See Exhibit C, Second Amended Complaint. Both employees with the function of "Senior Project Employee," which included Plaintiff, were released. See id. Before this reorganization, the percentage of the workforce age 40 and older was 76.9%. Id. After the reorganization, the percentage of the workforce age 40 and older was reduced to 71.4%. Id. This resulted in a 5.5% decrease in the percentage of the workforce age 40 or older. Id. But, this 5.5% change in the workforce is not "substantial enough to raise an inference that the disputed practice has caused the disparity[,]" Watson v. Fort Worth Bank and Trust, 487 U.S. at 995 (1988), even when taking into consideration that the data set of 26 employees is relatively small.

In Embrico v. U.S. Steel Corp., 404 F. Supp. 2d 802, 834 (E.D. Pa. 2005), aff'd, 245 F. App'x 184 (3d Cir. 2007), the Third Circuit noted that the protected class of three African American employees was "small in numbers to begin with" but that "the disappearance of all of the African American employees after the [voluntary early retirement program] is arguably a significant practical impact." Here, by contrast, although all of the positions eliminated had been occupied by employees age 40 or over, after the reorganization, the retention rate of the workforce 40 or older was still 75%, and the difference between the average age of the workforce before and after the reduction was only 2.5 years (43.5 years average before and 41 years average after). See Exhibit C, Second Amended Complaint. Moreover, it is impermissible to further distinguish subgroups within those age 40 or older. Accordingly, Plaintiff's Second Amended Complaint has not demonstrated that the disparity in impact between those age 40 or older and those age 39 and younger is sufficiently large enough so as to establish a prima facie case of disparate impact discrimination.

## V.  **CONCLUSION**

For the reasons set forth above, Defendant's partial motion to dismiss Counts III and IV of Plaintiff's Second Amended Complaint is granted without prejudice. To the extent the deficiencies in Plaintiff's Complaint can be cured by way of amendment, Plaintiff is granted thirty (30) days to file an Amended Complaint solely for purposes of amending the dismissed claims.

An appropriate Order accompanies this Opinion.

Dated: December 29, 2015

_____
CLAIRE C. CECCHI, U.S.D.J.